

**DISTRICT ATTORNEY'S OFFICE**
THREE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
(215) 686-8000

LAWRENCE S. KRASNER
DISTRICT ATTORNEY

April 3, 2019

Honorable Mitchell S. Goldberg
United States District Court Judge
United States District Court, Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 7614
Philadelphia, PA 19106-1741

RE:   Wharton v. Ferguson, No. 01-6049

Dear Judge Goldberg:

Enclosed please find a copy of respondent's brief in response to the Court's order of March 4, 2019.

Respectfully Submitted,

Max C. Kaufman
Supervisor, Federal Litigation Unit

Enclosure

cc:   Claudia Van Wyk, Esquire
      Victor J. Abreu, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHARTON,<br>    Petitioner | : | CIVIL ACTION |
| v. | : | |
| TAMMY FERGUSON,<br>    Respondent | : | NO. 01-6049 |

### BRIEF

By order entered March 4, 2019, this Court invited the parties to submit briefs on the following issues: (1) whether the Court has the authority and/or the obligation to grant habeas relief to petitioner based solely on the District Attorney's concession of the remaining habeas claim, or whether the Court must independently review, and determine the merits of, that now-conceded claim; and (2) if the Court must make an independent determination on the merits, whether that is possible on the current record, without conducting the evidentiary hearing as directed by the United States Court of Appeals for the Third Circuit. This is the Commonwealth's brief.

I.    **A prosecutor is ethically obligated to concede relief when the prosecutor believes that justice so requires; in this situation, a court may, but is not required, to accept that concession.**

Prosecutors have an ongoing and abiding obligation to pursue justice. See American Bar Association Criminal Justice Standards, Rule 3.-1.2(a), 3.8.1. "The [prosecutor] is the representative not of any ordinary party to a controversy, but of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done." Berger v. United States, 295 U.S. 78, 88 (1935).

1

This prosecutorial responsibility continues throughout the duration of a case. See, e.g., Commonweath v. DiPasquale, 431 Pa. 536, 540-41 (Pa. 1968) (District Attorney "has a [g]eneral and widely recognized power" to decide "whether and when to continue or discontinue a case"); see also United States v. Maloney, 755 F.3d 1044 (9th Cir. 2014) (en banc) (granting U.S. Attorney's Motion to Summarily Reverse the Conviction, Vacate the Sentence and Remand to the District Court; U.S. Attorney's motion based on trial prosecutor's improper closing argument).

Put another way, a prosecutor's responsibility includes changing course, if a prosecutor determines that the facts and law require a position different from that previously taken. This does not mean that the prior prosecutor's position was unethical or wrong. It means just that the current prosecutor is exercising his/her own independent judgment as s/he is ethically required to do.

For example, in 2012 Solicitor General Donald B. Verrilli acknowledged during oral argument in the U.S. Supreme Court that the government had changed its position on the question whether American courts have jurisdiction to hear cases involving alleged human rights abuses in other countries. Transcript of Oral Argument at 43-44, Kiobel v. Royal Dutch Petroleum Co., No. 10-1491, 569 U.S. 108 (2012). See also Brief for the United States as Amicus Curiae Supporting Neither Party, at n. 9, U.S. Airways Inc. v. McCutchen, No. 11-1285 (U.S. Sept. 5, 2012) (federal government changed position in U.S. Supreme Court in labor case); Brief for the United States as Amicus Curiae Supporting Petitioners, NLRB v. Murphy Oil USA, Nos. 16-285, 16-300, 16-1307, at 13 (same; Acting Solicitor General Jeffrey B. Wall stating, "after the change in

2

administration, the office reconsidered the issue and has reached the opposite conclusion").

Here, the District Attorney's Office carefully reviewed the facts and law and determined that Wharton's ineffectiveness claim fulfills the criteria articulated in Strickland v. Washington, 466 U.S. 668 (1984). More specifically, this Office determined that Wharton's remaining habeas claim -- that his counsel was ineffective at his second penalty hearing for not investigating and presenting evidence of his adjustment to prison -- is not lacking in merit.

The circumstances supporting this conclusion include the Third Circuit's ruling that the state court's rejection of the issue was not reasonable, and that the claim should therefore be reviewed under a non-deferential, *de novo* standard. See Wharton v. Vaughn, 722 Fed. Appx. 268, 280 (3d Cir. 2018).

In addition, the Commonwealth notes petitioner's argument that, following the Third Circuit's decision, Wharton's counsel at the second penalty hearing executed a declaration under penalty of perjury. In the declaration, counsel stated that "[i]f I were called to testify at [the evidentiary hearing ordered by the Third Circuit], I would explain that I was not operating under any strategy or tactic when I did not investigate and present evidence of Mr. Wharton's positive prison adjustment at his second penalty hearing and argue to the jury that Mr. Wharton's life should be spared because he posed no danger to inmates or staff if he were sentenced to life" (Declaration of William T. Cannon, Esq., July 3, 2018).

On the question of prejudice, even in the absence of any prison adjustment evidence, the sentencing jury initially reported that it was deadlocked on whether to

sentence Mr. Wharton to death. Ultimately, even without the evidence, the jury found the catch-all mitigating circumstance. These facts support petitioner's argument that if the prison adjustment evidence had been presented to the jury, "there is a reasonable probability that at least one juror would have voted against imposing the death penalty." Wharton, 722 Fed. Appx. at 281.

In light of the meritoriousness of Wharton's surviving claim, the District Attorney's Office has determined that continuing to seek affirmance of Wharton's death sentence does not justify further expenditure of judicial and legal resources, and years more of litigation.

Further, the concession procedure followed by the Commonwealth in this case repeatedly has been approved by the courts of this district. In at least six other cases, this Office's written notice of concession was, in material respect, the same as the notice filed here. See Speight v. Beard, No. 04-04110, Doc. 94 at 10 n.11 (E.D. Pa. Dec. 22, 2014); Lambert v. Folino, No. 10-01339, Doc. 91 (E.D. Pa. April 10, 2018); Mason v. Wetzel, No. 17-3759, Doc. 25 (E.D. Pa. June 1, 2018); Brown v. Beard, No. 04-4125, Doc. 69 (E.D. Pa. June 20, 2018); Marshall v. Wetzel, No. 03-3308, Doc. 172 (E.D. Pa. June 25, 2018). Whitaker v. Mooney, No. 14-2321, Doc. 68 (E.D. Pa. June 27, 2018). In each of these cases, the court accepted the Commonwealth's concession. See Speight v. Beard, 2017 WL 914907 at *17 (E.D. Pa. March 3, 2017) (memorandum opinion of Quinones Alejandro, J.) (accepting concession of capital penalty phase relief); Lambert v. Folino, No. 10-01339, Doc. 95 (E.D. Pa. April 26, 2018) (order of Joyner, J.) (accepting concession of grant of new trial); Mason v. Wetzel, No. 17-3759, Doc. 31, at 2 (E.D. Pa. Aug. 7, 2018) (so-ordered stipulation of

Beetlestone, J.) (accepting concession of capital penalty phase relief); Brown v. Beard, No. 04-4125, Doc. 71 (E.D. Pa. June 27, 2018) (order of Pratter, J.) (accepting concession of grant of new trial); Marshall v. Wetzel, 2018 WL 5801313 at *37 (E.D. Pa. Nov. 6, 2018) (opinion of Leeson, J.) (accepting concession of capital penalty phase relief); Whitaker v. Mooney, No. 14-2321, Doc. 69 (E.D. Pa. June 27, 2018) (order of Smith, J.) (accepting concession of grant of new trial). Indeed, as far as this Office is aware, there has not been a prior instance where a court in this district has declined to accept a concession of relief by the Commonwealth in a pending habeas case.

This Office's considered judgment to concede penalty phase relief under the specific circumstances of this case, while not binding on this Court, is entitled to great weight. See Young v. United States, 315 U.S. 257, 258-259 (1942) ("The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight").

In short, a prosecutor is ethically obligated to concede relief when the prosecutor believes that the circumstances so require, and in this situation, a court may, but is not bound to, accept that concession.

## II. If the record is insufficient to rule on the remaining claim, the Court can conduct an evidentiary hearing.

This Court has concluded that it "cannot independently evaluate the merits of the [r]emaining [s]entencing [c]laim on the current record." Wharton, 2019 WL 1014729 at *7. To the extent this remains the Court's view following consideration of the responsive filings of the parties, including any motion to expand the record under Habeas Rule 7 filed by petitioner, this Office has no opposition to the Court holding an evidentiary hearing.

5

Respectfully submitted,

_____
MAX C. KAUFMAN
Supervisor, Federal Litigation Unit
PAUL M. GEORGE
Assistant Supervisor, Law Division
NANCY WINKELMAN
Supervisor, Law Division

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHARTON,<br>  Petitioner | : | CIVIL ACTION |
| v. | : | |
| TAMMY FERGUSON,<br>  Respondent | : | NO. 01-6049 |

## CERTIFICATE OF SERVICE

I, MAX C. KAUFMAN, hereby certify that on April 3, 2019, a copy of the foregoing pleading was served by placing same, first-class postage prepaid, in the United States mail addressed to:

>Claudia Van Wyk, Esquire
>Victor J. Abreu, Esquire
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center, Suite 545 West
>Independence Square West
>Philadelphia, PA 19106
>(215) 928-0520

*/s/ Max C. Kaufman*
Max C. Kaufman
Supervisor, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
(215) 686-5747