IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT WHARTON,** | : | CIVIL ACTION |
| Petitioner, | : | No. 01-6049 |
| v. | : | THIS IS A CAPITAL CASE |
| **DONALD T. VAUGHN, et al.** | : | |
| Respondents. | : | |

# **ORDER**

**AND NOW**, this 7th day of May, 2019, upon consideration of the Philadelphia District Attorney's Office's Brief in Response to the Court's March 4, 2019, Memorandum Opinion and Order (Doc. No. 162), and Petitioner's "Motion to Expand Record, Motion for Approval of Proposed Settlement, and Consolidated Memorandum of Law Ordered by the Court" (Doc. No. 163), I find as follows:

1. In January 2018, the United States Court of Appeals for the Third Circuit remanded this capital habeas matter to this Court, concluding that Petitioner is entitled to an evidentiary hearing on a single penalty-phase claim, pertaining to whether Petitioner's counsel was ineffective for failing to place before the penalty-phase jury evidence of Petitioner's adjustment to prison.

2. Shortly before a status-of-counsel hearing was scheduled to take place before me, the Philadelphia District Attorney's Office submitted notice that it would no longer contest the remaining penalty-phase claim and would not seek a new death sentence in state court. Despite the fact that this case involves a double homicide and a

1

sentence of death, this notice did not provide an explanation for the concession. The parties also submitted a one-page proposed order, requesting that I grant habeas relief on the remaining claim. (Doc. Nos. 155, 156.)

3. Thereafter, on March 4, 2019, I issued an Order declining to summarily grant habeas relief. In the Memorandum Opinion accompanying that Order, I explained that I could not make the required independent evaluation of the merits of the remaining habeas claim on the current record, and permitted the parties to further brief the issue. (Doc. Nos. 160, 161.)

4. In accordance with my March 4, 2019, Memorandum Opinion and Order, both Petitioner and the District Attorney's Office have submitted briefs. In his Brief, Petitioner requests that I expand the record under Rule 7 of the Rules Governing Section 2254 Cases. Petitioner has submitted for inclusion in the record a declaration from trial counsel, as well as additional prison records, and an expert report of a psychologist that reviewed those records. Petitioner contends that these records are sufficient for me to determine whether Petitioner is entitled to relief. (Doc. Nos. 162, 163.)

5. In its brief, the District Attorney's Office notes generally that it has "carefully reviewed the facts and law" in this case and "determined that [Petitioner's] remaining habeas claim . . . is not lacking in merit." (Doc. No. 162 at 4.) However, the District Attorney's Brief does not note whether it has sought out any facts beyond those that are either currently in the record or that have been submitted by Petitioner for inclusion under Rule 7. The District Attorney fails to indicate whether it did any investigation regarding Petitioner's adverse or negative adjustment to prison. Nor

does the District Attorney comment on the expert report submitted by Petitioner, that expert's qualifications, or whether the District Attorney's Office has even considered consulting with its own expert. Rather, it appears as though the District Attorney's Office has accepted the additional evidence offered by Petitioner at face value, without exploring whether contrary views may be viable and worth considering.

6. Having considered the parties' briefs, and noting that the parties are not adverse as to whether relief should be granted on Petitioner's remaining habeas claim, I find that the presentation of an additional perspective by an amicus curiae, on whether the District Attorney's concession is proper, would be helpful.

7. "A district court has inherent authority to designate amici curiae to assist it in a proceeding." Liberty Resources, Inc. v. Phila. Hous. Auth., 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). "[P]articipation of an amicus [is] especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision." Id.

8. In determining an appropriate amicus, I note that the Attorney General of Pennsylvania has the statutory authority, under certain circumstances, to participate in "criminal actions in which there is an appeal." 71 Pa. Stat. § 732-205(c).

9. Accordingly, I will request the Office of the Attorney General of Pennsylvania (hereinafter "the Pennsylvania Attorney General") to submit an amicus brief in this matter, setting out its position as to whether Petitioner is entitled to relief on his remaining habeas claim.

**WHEREFORE,** is **ORDERED** that:

- Petitioner's "Motion to Expand Record, Motion for Approval of Proposed Settlement, and Consolidated Memorandum of Law Ordered by the Court" (Doc. No. 163) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Specifically, Petitioner's Motion is **GRANTED** insofar as it seeks to expand the record, pursuant to Rule 7 of the Rules Governing Section 2254 Cases, to include the documents attached to the Motion. However, insofar as the Motion requests that the Court grant habeas relief, the Motion is **DENIED WIHTOUT PREJUDICE.**

- The Pennsylvania Attorney General is requested to submit an amicus brief on the issue of whether relief should be granted on Petitioner's remaining habeas claim based on the current record or whether the record before me should be expanded. The amicus brief must be submitted **within 45 days of the date of this Order**. The District Attorney's Office is **DIRECTED** to provide a copy of this Order to the Pennsylvania Attorney General. Should the Pennsylvania Attorney General decline to file an amicus brief, it shall so **NOTIFY** the Court promptly, and no later **than 45 days from the date of this Order**.

- After considering any amicus brief filed by the Pennsylvania Attorney General, the Court will determine the appropriate course of action in this matter.

                              **BY THE COURT:**

                              */s/ Mitchell S. Goldberg*

                              **Mitchell S. Goldberg, J.**