# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHARTON, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 01-6049 |
| | : | |
| DONALD T. VAUGHN, et al., | : | **CAPITAL CASE** |
| | : | |
| Respondents. | : | |

## MOTION TO RECONSIDER OR MODIFY COURT ORDER

Petitioner Robert Wharton moves to reconsider or modify the Court's order of May 7, 2019, which invited the Attorney General to participate as amicus curiae in these habeas corpus proceedings. As explained below, the Court should reconsider its order, and either rescind it or appoint different or additional amici, to avoid the appearance, if not the actuality, of a conflict of interest. Mr. Wharton states the following to establish the basis for his motion:

1. On May 7, this Court issued an order that provided in relevant part:

    Having considered the parties' briefs, and noting that the parties are not adverse as to whether relief should be granted on Petitioner's remaining habeas claim, I find that the presentation of an additional perspective by an amicus curiae, on whether the District Attorney's concession is proper, would be helpful. . . .

    Accordingly, I will request the Office of the Attorney General of Pennsylvania (hereinafter "the Pennsylvania Attorney General") to submit an amicus brief in this matter, setting out its position as to whether Petitioner is entitled to relief on his remaining habeas claim.

Order, May 7, 2019 (Doc. 165), at 3.

2. The order creates at least the appearance of a conflict of interest. Several current members of the Attorney General's staff left the Philadelphia District Attorney's Office, after many years of service there, in the wake of the current District Attorney's election. At a minimum, no member of the Attorney General's staff who previously participated in Mr. Wharton's case for the District Attorney's Office, which advocated for his execution, can provide this Court with the impartial advice it seeks before it decides whether to accept the proposed settlement. Those staff members' participation in this proceeding would create the appearance of a conflict of interest, if not an actual conflict. Accordingly, the Court should direct that no such staff members may participate in this matter.

3. More broadly, the Court's order does not seek the Attorney General's advice on an abstract question of law, but asks him to substitute his judgment for that of the District Attorney on how to proceed with a particular prosecution. The District Attorney has statutory responsibility for all prosecutions that arise in the county that elected him. *See* 16 Pa. C.S. § 4402. Conferring those responsibilities on a different prosecuting authority, even in part, solely because the elected prosecutor has agreed to a settlement, would infringe on the statutory discretion granted to the local, duly elected, District Attorney. Accordingly, Petitioner

respectfully suggests that the Court should reconsider its order appointing an amicus for this purpose.

4. Indeed, it is questionable whether the Attorney General has the authority to substitute his judgment for that of the local district attorney, over the district attorney's objection, in circumstances like those here. Under earlier Constitutions, the Attorney General possessed common-law inherent powers over all prosecutions in the state. Constitutional amendments in 1978, however, limited those powers to those prescribed by the Legislature. *See Commonwealth v. Mulholland*, 702 A.2d 1027, 1036-38 (Pa. 1997); *Commonwealth v. Carsia*, 517 A.2d 956, 956-58 (Pa. 1986) (Commonwealth Attorneys Act "made it clear that the powers of the state Attorney General are no longer an emanation from some bed of common law precepts, but are now strictly a matter of legislative designation and enumeration.").[1] In *Mulholland*, for example, the Pennsylvania Supreme Court held

---

[1] The Attorney General did not have unlimited discretion even under the former constitutional provisions:

> The Pennsylvania Supreme Court has explained that although the AG "had the common law power to replace his own deputies," that "does not justify the conclusion that he now has the right to supersede an elected district attorney." *Commonwealth v. Schab,* 477 Pa. 55, 383 A.2d 819 (1978). In refusing to require at the AG's request prosecution of a homicide the district attorney deemed excusable, the Court observed that *"[i]t would be incongruous to place a district attorney in the position of being responsible to the electorate for the*

3

that the trial court exceeded its authority by removing the district attorney because of misconduct allegations, and substituting the Attorney General, because none of the enumerated statutory categories applied. 702 A.2d at 1037-38.

5. The Attorney General may participate in an appeal only "upon the request of the district attorney," and may intervene in an appeal only "as provided by law or rules of court." Pa. C.S. § 732-205(c). As relevant here, the Attorney General may prosecute a case that otherwise belongs to the province of the district attorney only under the circumstances described in §205(a)(3) (on the request of a district attorney who represents that s/he has insufficient resources or a conflict of interest); (a)(4) (on the petition of the Attorney General after a hearing before a judge assigned by the Supreme Court and a showing that the district attorney, who may oppose the petition, has abused his/her discretion in "fail[ing] or refus[ing] to prosecute"); or (a)(5) (on the request of the president judge of a county to the Attorney General, who may either decline or follow the procedure set forth in section (a)(4)). Moreover, the Office of the Attorney General may conduct an investigation only if it reasonably believes that it will yield grounds for prosecution authorized

---

*performance of his duties while actual control over his performance was, in effect, in the attorney general." Id.*

Carter v. City of Philadelphia, 181 F.3d 339, 353 n.48 (3d Cir. 1999) (emphasis added).

4

under § 205. *See Commonwealth v. Goodman* 500 A.2d 1117, 1123, 1131 (Pa. Super. 1985).

6. This Court has invited the Attorney General to participate as amicus curiae on terms that effectively constitute an intervention in Mr. Wharton's prosecution. The Court asks the Attorney General to determine "whether the District Attorney's concession is proper," and "whether Petitioner is entitled to relief on his remaining habeas claim." Of necessity, accepting the Court's invitation would require the Attorney General to review a voluminous thirty-six-year-old record, assess the credibility of petitioner's proffered witness and the soundness of his proffered expert's opinion, possibly consult additional experts, and then form judgments about policy goals and resources. Such functions ordinarily belong to a district attorney.

7. None of the permissible statutory grounds for the Attorney General to supersede the prosecutorial functions of the Philadelphia District Attorney apply here. The Court's order asks the Attorney General to act under § 205(c), but the District Attorney has not asked for the Attorney General's intervention as that subsection requires, and none of the other relevant provisions of law (§§ 205(a)(3), (4), and (5)) apply. The District Attorney has not alleged any resource shortfall or conflict of interest; the Attorney General has not sought to intervene and cannot show that the District Attorney has "failed or refused to prosecute" or abused his

5

discretion; and the president judge of the county has not requested the Attorney General's intervention.[2]

8. The Attorney General's substitution of his judgment for that of the elected District Attorney would create an appearance of a conflict of interest, if not an actual conflict, and may exceed his powers. Accordingly, Petitioner respectfully suggests that the Court should reconsider or modify its order requesting the Attorney General's views as amicus curiae.

---

[2] Pa. C.S. 732-204 grants the Attorney General the authority to participate in civil matters involving the Commonwealth as a party, but petitioner's research has disclosed no case in which the Attorney General has participated in federal habeas proceedings, over the district attorney's objection, under this section.

# CONCLUSION

For the reasons above, the Court should reconsider its order and rescind its request for the Attorney General's participation in this proceeding. Alternatively, the Court should modify its order by directing that no member of the Attorney General's staff who previously participated in Mr. Wharton's prosecution contribute to any submissions by the Attorney General, and/or by requesting the views of different or additional amici.

Respectfully submitted,

LEIGH M. SKIPPER
Chief Federal Defender, by
VICTOR J. ABREU
CLAUDIA VAN WYK
Federal Community Defender Office
 Eastern District of Pennsylvania
Capital Habeas Corpus Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Victor_Abreu@fd.org
Claudia_VanWyk@fd.org

*Counsel for Petitioner Robert Wharton*

Dated: June 12, 2019

# CERTIFICATE OF SERVICE

I, CLAUDIAVANWYK, hereby certify that on this date I served a copy of the foregoing on the following persons in the manner indicated below:

BY ELECTRONIC SERVICE THROUGH ECF

MAX C. KAUFMAN
Supervisor, Federal Litigation Unit
PAUL M. GEORGE
Assistant Supervisor, Law Division
Office of the Philadelphia District Attorney
3 South Penn Square
Philadelphia, PA 19107

/s/ Claudia VanWyk
Claudia VanWyk

Dated: June 12, 2019