IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHARTON | : | CIVIL ACTION |
| | : | |
| Petitioner | : | No. 2:01-cv-06049-MSG |
| | : | |
| v. | : | CAPITAL CASE |
| | : | |
| TAMMY FERGUSON, | : | |
| Superintendent, | : | |
| | : | |
| Respondent | : | |

**RESPONSE OF *AMICUS CURIAE* PENNSYLVANIA OFFICE
OF ATTORNEY GENERAL TO PETITIONER'S MOTION TO
RECONSIDER OR MODIFY COURT ORDER**

AND NOW, comes the Pennsylvania Office of Attorney General as *amicus curiae*, through James P. Barker, Chief Deputy Attorney General, who files this Response of *Amicus Curiae* Pennsylvania Office of Attorney General to Petitioner's Motion to Reconsider or Modify Court Order, and in support thereof represents as follows:

**I. BACKGROUND**

This is a challenge to the sentence of death imposed on Petitioner Robert Wharton for the murders of Bradley and Ferne Hart, along with leaving their unsupervised, infant daughter alone in the unheated family home in subfreezing temperatures. Wharton initially was sentenced to death in 1985, but the Supreme

Court of Pennsylvania vacated the sentence based on an erroneous jury charge. After a new penalty hearing in 1992, the second jury also returned a verdict of death.

The state Supreme Court affirmed on direct appeal and also affirmed the denial of relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Wharton then sought relief in the form of a writ of habeas corpus under 28 U.S.C. § 2254, which this Court denied. However, the Court granted a certificate of appealability (COA) with respect to two issues and the United States Court of Appeals for the Third Circuit expanded the COA to include a third issue: whether trial counsel was ineffective during the second penalty phase for failing to raise as a mitigating factor Wharton's supposed positive adjustment to prison life between the first and second penalty phases. The Third Circuit affirmed the denial of habeas corpus relief with respect to the first two issues but remanded to this Court for a hearing on the positive adjustment claim.

On remand, the District Attorney of Philadelphia, as counsel for Respondent Donald T. Vaughn,[1] filed a Notice of Concession of Penalty Phase Relief, indicating that Respondent agreed with Wharton that he was entitled to relief based on his

---

[1] The original Respondent was Donald T. Vaughn, although documents have been filed indicating that the Respondent is Tammy Ferguson. Wharton currently is housed at the State Correctional Institution at Phoenix, where Ferguson is Superintendent. The docket does not appear to have been updated to reflect Wharton's current custody, although the parties have been be filing under an amended caption. Consistent with that practice, the above caption indicates Superintendent Ferguson as the Respondent.

positive adjustment claim, requesting the entry of a conditional writ of habeas corpus, and indicating that the Commonwealth would not pursue the death penalty in state court. (Doc. No. 155) The Court, however, determined that it was required to conduct an independent review for merit. Following further briefing by the parties, the Court on May 7, 2019, issued an Order finding that the record is inadequate to conduct such a review and requesting that the Pennsylvania Office of Attorney General (OAG) submit a brief as *amicus curiae* on the issue of whether Wharton is entitled to relief on his remaining claim. Although the Court indicated that the OAG's brief would be due within 45 days of the date of the Order, OAG has requested an extension of time for filing the *amicus* brief.

On June 12, 2019, Wharton filed a Motion to Modify or Reconsider the Court's May 7, 2019, Order. Wharton claims that "[t]he order creates at least the appearance of a conflict of interest" because former assistants in the District Attorney's Office now work for the Attorney General, Motion at 2 ¶2, that the District Attorney has unfettered discretion to resolve the matter as he sees fit, Motion at 2 ¶ 3, and that the Attorney General does not have the authority to "substitute his judgment for that of the local district attorney, over the district attorney's objection, in circumstances like those here." Motion at 3 ¶ 4. According to Wharton, OAG filing an *amicus* brief is tantamount to intervention and requires the Attorney

3

General to, *inter alia*, "form judgments about policy goals and resources." Motion at 5 ¶ 6.

For the reasons that follow, Wharton's Motion to Reconsider or Modify Court Order should be denied.

**II. QUESTIONS PRESENTED**

1. PRESUMING THAT THE FILING OF A BRIEF OF *AMICUS CURIAE* AMOUNTS TO ASSUMING THE ROLE OF ATTORNEY FOR THE COMMONWEALTH, DOES WHARTON HAVE STANDING TO OBJECT TO THE PARTICIPATION BY OAG AS *AMICUS CURIAE*?

2. IS A MOTION FOR RECONSIDERATION FILED MORE THAN A MONTH AFTER THE UNDERLYING ORDER UNTIMELY?

3. DOES THE FILING OF A BRIEF AS *AMICUS CURIAE* BY INVITATION CONSTITUTE INTERVENTION IN PROCEEDINGS RELATING TO A PETITION FOR WRIT OF HABEAS CORPUS?

4. IS THERE A CONFLICT OF INTEREST ON THE PART OF A GOVERNMENTAL OFFICE WHEN IT EMPLOYS FORMER STAFF OF A SEPARATE GOVERNMENTAL OFFICE THAT IS RESPONSIBLE FOR THE SAME INTERESTS?

**III. ARGUMENT**

*A. Standing*

Wharton objects to the purported representation of the Commonwealth by the OAG. As will be discussed below, the filing of an *amicus* brief is not commensurate with intervening in the case or assuming representation of a client. Initially, however, it should be noted that Wharton, as an adverse party, lacks standing to object to any representation of the Commonwealth.

4

In *Death Row Prisoners of Pennsylvania v. Ridge*, 948 F. Supp. 1278 (E.D. Pa. 1996), this Court held that the defendants did not have standing to object to the Court's appointment of counsel to represent the plaintiffs. Specifically, while the request for appointed counsel ultimately was denied, the Court held:

> … Defendants oppose Plaintiffs' Motion and have briefed the matter accordingly. The Court observes that the Defendants lack standing to object to the appointment of counsel. That is a matter between Plaintiffs, the Court and their prospective lawyers. As to that, the Defendants are strangers, and indeed, it is inappropriate for them to seek to stand in the way of that appointment. Further, since any lawyers who might be appointed to represent Plaintiffs would be paid for out of the coffers of the United States of America, and would in no way partake of the public fisc of the Commonwealth of Pennsylvania, there is no economic standing either.

*Id*. at 1279 n.2. *See also Walter v. Beard*, No. 1:09-CV-2465, 2010 WL 936466, at *2 and n.1 (M.D. Pa. March 15, 2010) (relying on *Death Row Prisoners* to same effect).

Just as Commonwealth respondents and defendants have no standing to object to the appointment of counsel or the specific counsel appointed, the obverse plainly is true: A state convict who brings an action in state court seeking habeas corpus relief does not have the requisite interest in the identity of counsel for the Commonwealth to have standing to object to the representation.

The cases cited by Wharton are inapposite, as they deal with the authority of the Attorney General to investigate and prosecute criminal cases in state court, where a criminal defendant might have standing to object to the authority exercised against

5

him or her. Wharton is no longer a criminal defendant but a civil plaintiff. *Woodford v. Ngo*, 548 U.S. 81, 91 n.2 (2006) (habeas corpus is a civil remedy for the enforcement of a personal right and not a stage of state criminal proceedings; quoting *Fay v. Noia*, 372 U.S. 391, 423-424 (1963)). The only entity with a direct interest in the representation of the Commonwealth is the Commonwealth, and the only other entity with an enforceable interest would be the Court, which has an interest in the fair and orderly administration of justice. Neither the Court nor the Commonwealth has objected to the filing of an *amicus* brief by the OAG, and Wharton has no right to do so.

B. *Timeliness*

Absent a conflicting rule or statute, the Federal Rules of Civil Procedure apply to proceedings under § 2254, Fed. R. Civ. P. 81(a)(4), and provide this Court with the authority to issue local rules. Fed. R. Civ. P. 83(a)(1). Local Civil Rule 7.1 (governing motion practice in civil cases) therefore applies to Wharton's Motion to Reconsider or Modify Court Order. Under that Rule, a motion for reconsideration not governed by Fed. R. Civ. P. 59(e) must be filed within fourteen days from the date of the order concerned. Because no judgment is involved, Rule 59(e) does not govern Wharton's Motion. The Motion to Reconsider was filed on June 12, 2019, clearly more than fourteen days after the Court's May 7, 2019, Order. The Motion to Reconsider should be denied as untimely.

*C. Standard of Review for Motion for Reconsideration*

This Court has summarized the principles governing disposition of a motion for reconsideration:

> The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).
>
> '***
>
> When the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the issues overlooked might reasonably have resulted in a different conclusion. Cataldo v. Moses, 361 F. Supp. 2d 420, 433 (D.N.J. 2004). Federal courts have a strong interest in the finality of judgments and therefore should grant motions for reconsideration sparingly. In re Asbestos Prods. Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011).

*Rodriguez v. City of Philadelphia*, Civil Action No. 14-4435, 2018 WL 3036283, at *3 (E.D. Pa. June 18, 2018).

On the first two bases for reconsideration, Wharton presents no argument at all. On the third basis, the need to correct clear error of law or prevent manifest injustice, his arguments fail.

7

*D.* Amicus *Briefs*

Even if Wharton had standing to object to the identity of the attorney for the Commonwealth in this matter and filed a timely motion, his Motion to reconsider is premised on an incorrect understanding of both the law and the circumstances of this case. *Amicus curiae* status and intervention as a party are not identical. Also, *amicus curiae* status and supersession of counsel are not identical.

It is fundamental, long-established law that one who intervenes becomes a party to the proceeding. *See, e.g., Rocca v. Thompson*, 223 U.S. 317, 330 (1912). Wharton is simply incorrect that the OAG has sought to intervene and become a party at this time.

An *amicus curiae* serves a very different purpose than an intervenor:

> The purpose of *amicus* appearances "is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Board of Plumbing Exam'rs,* 74 F.Supp.2d 349, 351 (S.D.N.Y.1999); *Liberty Res., Inc.,* 395 F.Supp.2d 206, 209-10 (E.D.Pa.2005) ("Courts have found the participation of an *amicus* especially proper where the amicus will ensure 'complete and plenary presentation of difficult issues so that the court may reach a proper decision.' ") (quoting *Alliance of Auto. Mfrs. v. Gwadowsky,* 297 F.Supp.2d 305, 307 (D.Me.2003)). Consequently, persons are typically permitted to proceed amicus where "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Philadelphia Hous. Auth.,* 395 F.Supp.2d 206, 209 (E.D.Pa.2005) (citing *Sciotto v. Marple Newtown Sch. Dist.,* 70 F.Supp.2d 553, 555 (E.D.Pa.1999)).

*N.J. Protection and Advocacy, Inc. v. Twp. of Riverside*, 2006 WL 2226332, at *5 (D.N.J. Aug. 2, 2006).

Consistent with the citations in the foregoing, this Court has applied the same factors when reviewing a request to participate as *amicus curiae*. *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citing *Sciotto v. Marple Newtown School Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)).

However, the OAG did not move for *amicus* status; rather, this Court requested its participation, and so these factors are not particularly useful under the circumstances. Still, to the extent they may be relevant, they weigh in favor of the Court's action. The Attorney General of Pennsylvania is the chief law enforcement officer of the Commonwealth, 71 P.S. §732-206(a), and therefore plainly has a special interest in cases involving the enforcement of the Commonwealth's criminal laws. The Court's order to the Attorney General plainly raises the question of whether that interest is being represented "competently or at all in the case," a circumstance that calls for *amicus* participation even more than when the Court is confident of zealous, competent advocacy. Also, the OAG has not previously participated in this matter and, as stated in the motion for extension of time, is of the view that complete judicial review is necessary to determine that the parties'

proposed resolution is appropriate. It is not "partial to a particular outcome of the case" apart from compliance with the law, including respect for the jury's verdict.[2]

Precedent suggests that the Court's concerns are not misplaced. *See Commonwealth v. Brown*, 196 A.3d 130, 144-149 (Pa. 2018) (finding that courts should not accept confession of error by prosecution without independent judicial review because virtually unfettered prosecutorial discretion does not extend to post-conviction proceedings). *See also esp. id*. at 143-144 (Supreme Court of Pennsylvania requested Attorney General to file brief as *amicus curiae* in capital case when District Attorney sought to confess error on appeal from denial of petition for post-conviction relief).

Finally as to this issue, Wharton argues that the Commonwealth Attorneys Act does not permit the Attorney General to participate in an appeal or "supersede the prosecutorial functions of the Philadelphia District Attorney" without the consent of the District Attorney. Of course, filing an *amicus* is something that may be done by *any* person, and so the OAG is not exercising prosecutorial functions by filing an *amicus* brief. The statutory provision on which the Court relied and to which Wharton objects, 71 P.S. § 732-205(c), relates to criminal appeals and not to participation in a civil action as *amicus curiae*. The Attorney General does not need the District Attorney's consent to do the latter. Filing such a brief is something any

---

[2] The purported conflict of interest on the part of the OAG is addressed below.

member of the public may do, subject to the discretion of the court to accept the brief. Again, Wharton is simply in error with respect to these fundamental principles.

To the extent that the OAG may "investigate" the facts underlying the proposed resolution of this case, it has not performed any law enforcement function prohibited to any citizen generally. That is, contacting witnesses and/or victims is something anyone may do, as is the hiring of an expert. There simply are no "prosecutorial functions," exercises of prosecutorial discretion, or investigative prerogatives on the part of the District Attorney that are impacted in any way.

The Court's request that the OAG submit a brief is clearly within its discretion and is particularly appropriate under the circumstances. Even if considered on the merits, Wharton's Motion to Reconsider or Modify Court Order should be denied.

*E. Conflict of Interest*

Wharton claims that the OAG has a conflict of interest because it employs several individuals who formerly were employed by the District Attorney's Office. That assertion, however, raises no conflict concerning Wharton himself. Wharton is not entitled to any relief based on an alleged conflict between the *amicus* and the District Attorney's Office, which raised no objection to the Court's order.

Initially, it should be noted that there is no conflict of interest. Plainly, the Commonwealth's interest is in upholding its laws. The circumstances of this case present a two-step analysis of the law. First, it is necessary to determine whether the

11

parties may, by agreement, overturn a jury's verdict. The Supreme Court of Pennsylvania made clear in *Brown* that the law is that a review for merit is necessary: "The jury in this case having done so, neither the parties, by agreement, nor this Court, absent a finding of legal error, have the power or ability to order that the jury's verdict be commuted to a life sentence without parole." *Id*. at 145. This Court has concluded that federal law is consistent with this conclusion. Memorandum Opinion dated March 4, 2019, at 7-12. Second, it is necessary to determine whether Wharton is, in fact, entitled to judgment as a matter of law based on indisputable facts. Nothing in this second step alters the Commonwealth's interest in enforcement of its laws and upholding a jury verdict. Contrary to Wharton's argument, disagreement with the District Attorney with respect to this issue does not amount to a conflict of interest, and neither would employing individuals who may disagree with the District Attorney. It is the interest of the Commonwealth in following the law that is at issue, and there is no conflict.

In any case, the *amicus* brief will be filed in the name of the Attorney General. It will therefore express his views on the questions raised by this Court, not the views of any particular, individual employee. It is possible that the OAG's views on the questions raised may differ from those of the District Attorney's Office, but that would not be evidence of a conflict of interest. Rather, it is precisely why the OAG's participation as an *amicus* may be of value to the Court.

WHEREFORE, the Office of Attorney General, as *amicus curiae*, respectfully requests that this Honorable Court enter an Order denying Petitioner Robert Wharton's Motion to Reconsider or Modify Court Order.

                                        By: */s/ James P. Barker*
                                                  James P. Barker
                                                  Chief Deputy Attorney General

Pennsylvania Office of Attorney General
Criminal Law Division
Appeals and Legal Services Section
16th Floor—Strawberry Square
Harrisburg, PA 17120
(717) 787-6348
jbarker@attorneygeneral.gov

Date:  June 26, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the foregoing Response of *Amicus Curiae* Pennsylvania Office of Attorney General to Motion to Reconsider or Modify Court Order to be served on the following persons via ECF or by first class mail:

<u>Via ECF and/or First Class Mail</u>

| | |
|---|---|
| Victor J. Abreu, Esquire | Max Cooper Kaufman |
| Claudia Van Wyk, Esquire | Paul M. George |
| Federal Community Defender Office | Thomas W. Dolgenos |
| Capital Habeas Corpus Unit | District Attorney's Office |
| 601 Walnut Street, Suite 545 West | 3 South Penn Square |
| Philadelphia, PA 19106 | Philadelphia, PA 19107 |
| (Counsel for Petitioner) | (Counsel for Respondent) |

By: */s/ James P. Barker*
James P. Barker
Chief Deputy Attorney General
Pennsylvania Office of Attorney General
Criminal Law Division
Appeals and Legal Services Section
16th Floor—Strawberry Square
Harrisburg, PA 17120
(717) 787-6348
jbarker@attorneygeneral.gov

Date:   June 26, 2019