IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT WARTON,** | : | CIVIL ACTION |
| Petitioner, | : | No. 01-6049 |
| v. | : | THIS IS A CAPITAL CASE |
| **DONALD T. VAUGHN, et al.** | : | |
| Respondents. | : | |

### ORDER

**AND NOW**, this 24th day of June, 2019, upon consideration of Petitioner's "Motion to Reconsider or Modify Court Order" (Doc. No. 166), and the "Pennsylvania Office of Attorney General's Motion for Extension of Time to File Brief of *Amicus Curiae*" (Doc. No. 168), I find as follows:

1. The factual and procedural background of this matter is set out in my March 4, 2019, Memorandum Opinion and May 7, 2019, Order.

2. I note here that, in my May 7, 2019, Order, I requested that the Office of the Attorney General of Pennsylvania ("the A.G.'s Office") submit an amicus brief in this matter, setting out its position as to whether Petitioner is entitled to relief on his remaining habeas claim. (Doc. No. 165.)

3. Petitioner seeks reconsideration of this Order, contending that it should be rescinded or, alternatively, modified to preclude participation by any member of the A.G.'s Office who previously participated in Petitioner's prosecution as a member of the Philadelphia District Attorney's Office ("the D.A.'s Office"). (Doc. No. 166.)

1

4. Having reviewed the arguments and authority cited by Petitioner, and for the reasons discussed below, I do not find any clear error of law or fact, or manifest injustice, that would warrant reconsideration. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (providing that a motion for reconsideration must rely upon one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.").

5. First, Petitioner contends that, as a general matter, the A.G.'s Office lacks the authority under Pennsylvania law to participate as a party to this action. However, my May 7, 2019, Order, did not request that the A.G.'s Office intervene as a *party* to this action. Nor did the Order, as Petitioner contends, "ask [the A.G.'s Office] to substitute [its] judgment for that of the [D.A.'s Office] on how to proceed with a particular prosecution." (Doc. No. 166 at ¶ 3.) Rather, the Order merely invited the A.G.'s Office to submit a brief as an amicus curiae.

6. Petitioner also maintains that participation by any member of the A.G.'s Office who was involved in Petitioner's prosecution while a member of the D.A.'s Office would create "the appearance of a conflict of interest, if not an actual conflict." (Doc. No. 166 at ¶ 2.) Petitioner has not cited any authority for the proposition that such participation would create a conflict, nor can I currently envision such a conflict. And Petitioner has not identified any person at the A.G.'s Office who may participate in the filing of the amicus brief, and whether such person was employed in the D.A.'s office while the state case was litigated.

**WHEREFORE,** it is hereby **ORDERED** that:

- Petitioner's "Motion to Reconsider or Modify Court Order" (Doc. No. 166) is **DENIED**.

- The "Pennsylvania Office of Attorney General's Motion for Extension of Time to File Brief of *Amicus Curiae*" (Doc. No. 168) is **GRANTED.** The A.G.'s Office shall file its amicus brief **on or before July 22, 2019.**

                              **BY THE COURT:**

                              */s/ Mitchell S. Goldberg*

                              **Mitchell S. Goldberg, J.**