IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHARTON, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 01-6049 |
| | : | |
| JAMIE SORBER, et al., | : | **CAPITAL CASE** |
| | : | |
| Respondents. | : | |

### PETITIONER'S RESPONSE TO SUBMISSIONS
### OF DISTRICT ATTORNEY AND ATTORNEY GENERAL
### RESPECTING ATTORNEY GENERAL'S PARTICIPATION

Petitioner Wharton submits this response respecting the submission of the District Attorney (ECF No. 226) and response of the Attorney General (ECF No. 229). Mr. Wharton previously argued that the Attorney General's contemplated participation in this matter exceeded the proper function of an amicus curiae and effectively amounted to intervention as a party. *See* ECF No. 166 at 5 (June 12, 2019), ECF No. 180 at 19-20 (Aug. 23, 2019). The Court ruled that the Attorney General's participation was not the equivalent of intervention. *See* Order, July 30, 2019, ECF No. 174, at ¶ 5.

Mr. Wharton agrees with the District Attorney that the nature of the Attorney General's participation in the first day of testimony in this matter was functionally indistinguishable from that of a party. In effect, the Attorney General has intervened without satisfying the rule governing intervention:

(b) Permissive Intervention.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

1

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24. The Attorney General has no interest in this case that would satisfy any of these criteria. For this reason, and for those set forth in Mr. Wharton's previous submissions in this case, he adheres to his opposition to the Attorney General's participation.

                                                Respectfully submitted,
                                                 /s/ Elizabeth McHugh
                                                ELIZABETH MCHUGH
                                                Pa. Bar No. 70130
                                                CLAUDIA VAN WYK
                                                Pa. Bar No. 95130
                                                Federal Community Defender Office
                                                Eastern District of Pennsylvania
                                                Capital Habeas Unit
                                                The Curtis Center – Suite 545 West
                                                601 Walnut Street
                                                Philadelphia, PA 19106
                                                (215) 928–0520

                                                Counsel for Petitioner

Dated:       March 2, 2021
               Philadelphia, Pennsylvania

**CERTIFICATE OF SERVICE**

I certify that on this date I caused a copy of the foregoing to be filed and served upon the following persons by ECF:

NANCY WINKELMAN
Supervisor, Law Division
PAUL M. GEORGE
Assistant Supervisor, Law Division
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-2499

JAMES P. BARKER
Chief Deputy Attorney General
CARI L. MAHLER
Office of the Attorney General
Criminal Law Division
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120

   /s/ Claudia Van Wyk
Claudia Van Wyk

DATE: March 2, 2021