# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*Capital Habeas Unit*

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS
601 WALNUT STREET
PHILADELPHIA, PA 19106

| ***LEIGH M. SKIPPER***<br>CHIEF FEDERAL DEFENDER | PHONE NUMBER (215) 928-0520<br>FAX NUMBER (215) 928-0826<br>FAX NUMBER (215) 928-3508 | ***HELEN A. MARINO***<br>FIRST ASSISTANT FEDERAL DEFENDER |
|---|---|---|

March 5, 2021

Honorable Mitchell S. Goldberg
Judge, United States District Court
Eastern District of Pennsylvania
7614 U.S. Courthouse
Courtroom 4-B
Philadelphia, PA 10106

          Re:   *Wharton v. Sorber*
                No. 2:01-cv-06049-MSG

Dear Judge Goldberg:

     Petitioner Robert Wharton has moved in limine to bar, as inadmissible hearsay, the introduction of two newspaper articles the Attorney General has designated collectively as Hearing Exhibit 14 (Robert J. Terry, *Prisoner Wounded in Escape Try*, The Philadelphia Inquirer, April 22, 1986, at 15); Kevin Haney, *Con Shot in City Hall Escape Bid*, The Philadelphia Daily News, April 22, 1986, at 6). *See* ECF No. 214 at 3-4. The articles quote various sources who recount Mr. Wharton's attempt to escape after a sentencing hearing at City Hall in 1986. In addition to containing double hearsay, these news accounts also lack reliability because they are inconsistent with one another.

The Attorney General's upcoming witness, Dr. O'Brien, has referred in his reports to facts obtained from those articles. Accordingly, in advance of Dr. O'Brien's testimony, petitioner Wharton presents this further argument to respond to the Attorney General's contentions in opposition to the motion in limine (ECF No. 218).

Most of the facts to which Dr. O'Brien refers relate to criminal charges that were nolle prossed by the District Attorney's Office at the time of Mr. Wharton's guilty plea to escape in January 1987. At a pre-hearing conference, this Court stated that it would not allow the introduction of evidence showing criminal conduct for which Mr. Wharton was not convicted unless he had adopted the underlying facts when he entered a guilty plea to the escape charge. It is clear from documents from Philadelphia Quarter Sessions File on the escape charge, identified by the Attorney General as hearing Exhibits 7-13, that Mr. Wharton pled guilty only to F3 Escape and the remaining charges (Simple Assault and Weapons or Implements of Escape) were nolle prosseed. The OAG has not provided this Court with any proof that Mr. Wharton pled guilty to facts which supported the nolle prossed charges.

To attempt to establish that the newspaper articles covering the escape incident are admissible, the Attorney General first argues that they are by definition not hearsay because he does not present them for their truth. See ECF No. 218 at 13 (citing F.R. Evid. 801(c)). According to the Attorney General, the articles are offered:

> to show the evidence that was available to the prosecution if Wharton had tried to present evidence of his purported "positive adjustment" to the second jury. Any reasonable prosecutor would have responded by showing that Wharton did not in fact make such an adjustment, including presenting the testimony of the witnesses identified in the stories. Thus, the statements are not hearsay.

*Id*. at 13-14. The Attorney General thus offers the articles to show what kind of adjustment Mr. Wharton "in fact" had made, and what testimony the "witnesses identified in the stories" would have provided. He has admitted that he has no live witnesses to establish what happened, and

offers them to prove the truth of the facts they contain.  The proffer is an inadmissible effort to provide an end-run around the hearsay rule.  *See United States v. Sallins*, 993 F.2d 344, 346–47 (3d Cir. 1993) (rejecting government position that testimony about contents of police radio call admissible as "background" to explain police actions; absence of "a tenable non-hearsay purpose" shows government could only have offered evidence for its truth value).

The Attorney General also maintains (ECF No. 218 at 14) that the contents of the articles are admissible under the "ancient documents" exception, which applies to "[a] statement in a document that was prepared before January 1, 1998, and whose authenticity is established."  F.R. Evid. 803(16).  He cites two cases, *Langbord v. U.S. Dept. of Treasury*, 2011 WL 2623315, *16-*17 (E.D. Pa. July 5, 2011), and *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 388 (5th Cir. 1961).  As to *Langbord*, he says that the district court held that "newspaper articles more than 20 years old are admissible, including over hearsay-within-hearsay objection."

The Attorney General does not mention that the Third Circuit disapproved the district court's holding on this point on appeal, in an en banc opinion that provides the governing law of this circuit.  *Langbord v. United States Dep't of Treasury*, 832 F.3d 170, 189–91 (3d Cir. 2016) (*en banc*).  With all thirteen members concurring on this question, the court held that the hearsay rule applies to hearsay contained within an ancient document.  It admitted the reports under the ancient documents exception but instructed the district court to carve out any hearsay statements contained within them unless those statements conformed to an additional exception.  *Id*. at 189-91.

Under *Langbord*, therefore, each layer of hearsay contained in an ancient document must conform to Federal Rule of Evidence 805.  "Double hearsay" is hearsay contained within other hearsay: Person A says something to Person B; Person B relays that statement to Person C; Person

C testifies as to the truth of Person A's statement. *See, e.g.*, *Smith v. City of Allentown*, 589 F.3d 684, 693–94 (3d Cir. 2009); *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1002 (3d Cir. 1988). Rule 805 requires that each layer of hearsay conform to an exception. Fed. R. Evid. 805; *Carden*, 850 F.2d at 1002. The analysis is segmented; each layer is examined individually. *See, e.g., Smith,* 589 F.3d at 693*; Carden,* 850 F.2d at 1002; *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 134 (3d Cir. 1997) (hearsay-within-hearsay admitted because both layers qualified as statements made by an agent within the scope of their employment).

Nothing in the text of Rule 805 limits its application to a particular type of hearsay. The Third Circuit has applied the rule where both layers of hearsay consisted of oral statements (i.e., Person A said something aloud to Person B who then repeated that statement aloud to Person C), *Smith*, 589 F.3d at 693–94, where the outer layer consisted of an oral statement and the form of the inner layer was unknown (i.e., when a supervisor told an employee that his position was being eliminated because unidentified higher-ups "wanted a younger person for the job," but where the supervisor did not say why he believed that to be the case), *Carden*, 850 F.2d at 1002–03, and when the outer layer consisted of a written statement and the inner layer consisted of an oral statement (i.e., when a memorandum summarizing a meeting included quotes from participants who said that older workers were "dead wood"). *Ryder*, 128 F.3d at 134. The rule applies to any and all hearsay statements, in whatever form they take. And *Langbord* held that it applies to hearsay contained within ancient records.

Other courts within and outside this Circuit have reached the same conclusion. *See United States v. Hajda*, 135 F.3d 439, 444 (7th Cir. 1998) (Easterbrook, J.) (if ancient document "contains more than one level of hearsay, an appropriate exception must be found for each level."); *United States v. Habteyes,* 356 F.Supp.3d 573, 586 n.6 (E.D. Va. 2018) (quoting *Langbord*).

4

The other case the Attorney General cites, *Dallas County v. Commercial Union Assurance Company*, 286 F.2d 388, 390 (5th Cir. 1961), upheld the introduction of a newspaper article under the residual exception to the rule against hearsay—not the ancient documents exception.[1] When scorched timbers were found buried among the wreckage of the recently collapsed Dallas County Courthouse, the county's insurance company sought to introduce a newspaper article from the turn of the century describing a fire that had broken out during the clocktower's construction. *Id.* at 391. The Fifth Circuit foreswore "happily tagged species" of hearsay and let the article come in only after deciding that it was "necessary and trustworthy, relevant and material." *Id*. at 398. Even though one of the reasons for admitting ancient documents—the unavailability of other evidence—happened to apply to the newspaper article, *id*. at 396, the Fifth Circuit declined to "characterize this newspaper . . . as an 'ancient document'." *Id*. at 398.

In this case, the articles provide accounts of the events deriving almost entirely from hearsay. Both, if stripped of their hearsay, are nearly devoid of content.

For all these reasons and those in Mr. Wharton's prehearing motion in limine, the newspaper articles are hearsay, and the contents described above do not satisfy any hearsay exception. The ancient documents exception does not cover hearsay contained within an ancient

---

[1] The advisory committee note to the ancient document exception cites *Dallas County* as one instance in which a circuit recognized that proper authentication and the passage of time help minimize mistakes. Fed. R. Evid. 803(16) advisory committee's note to 1972 amendment. Other sources cite *Dallas County* for similar propositions. *See, e.g.*, Statements in Ancient Documents (Rule 803(16))—Firsthand Knowledge and Hearsay within Hearsay, 30B Fed. Prac. & Proc. Evid. § 6935 (2020 ed.). Nevertheless, the opinion does not rely on the ancient documents exception.

document unless another hearsay exception applies. The Court should accordingly exclude the documents identified as Attorney General's Exhibit 14 and any testimony that relies on them.

Respectfully submitted,

/s/ Elizabeth McHugh
ELIZABETH MCHUGH
Pa. Bar No. 70130
CLAUDIA VAN WYK
Pa. Bar No. 95130
Federal Community Defender Office
Eastern District of Pennsylvania
Capital Habeas Unit
The Curtis Center – Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
(215) 928–0520
Counsel for Petitioner

Dated: March 5, 2021
Philadelphia, Pennsylvania

**CERTIFICATE OF SERVICE**

I certify that on this date I caused a copy of the foregoing to be filed and served upon the following persons by ECF:

NANCY WINKELMAN
Supervisor, Law Division
PAUL M. GEORGE
Assistant Supervisor, Law Division
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-2499

JAMES P. BARKER
Chief Deputy Attorney General
CARI L. MAHLER
Office of the Attorney General
Criminal Law Division
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120

/s/ Claudia Van Wyk
Claudia Van Wyk

DATE: March 5, 2021