IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ROBERT WHARTON,** | : | **CIVIL ACTION** |
| | : | |
| Petitioner, | : | No. 01-6049 |
| | : | |
| v. | : | |
| | : | |
| **DONALD T. VAUGHN, et al.** | : | |
| | : | |
| Respondents. | : | |

### ORDER

**AND NOW**, this 11th day of March, 2021, upon consideration of the Philadelphia District Attorney's Office's ("District Attorney") "Objection to Attorney General's De Facto Intervention as a Party" (ECF No. 226), Petitioner's response in support thereto (ECF No. 231), and the Pennsylvania Office of the Attorney General's ("OAG") response in opposition thereto (ECF No. 229), it is hereby **ORDERED** that the District Attorney's objection is **OVERRULED** for the following reasons:

1. In January 2018, the United States Court of Appeals for the Third Circuit remanded Petitioner's habeas case on one issue—whether his counsel was ineffective for failing to introduce mitigating evidence that Petitioner was adjusting well to incarceration. <u>Wharton v. Vaughn</u>, 722 F. App'x 268, 281 (3d Cir. 2018). In its assessment of the <u>Strickland</u> prejudice prong, the Third Circuit explained that Petitioner's prison records, in the time period between his two penalty hearings, could establish that he was adjusting well to prison life, his behavior was generally satisfactory, and thus relevant to the sentencing determination. The Third Circuit anticipated that had Petitioner presented evidence of

1

positive prison adjustment, "the Commonwealth might have countered with other evidence, including an expert holding a contrary opinion." Id. at 281. Based on this reasoning, the Third Circuit concluded that a hearing on this issue should be held and a factual record developed. Id. at 284.

2. Before a hearing was scheduled, the District Attorney advised that it agreed with Petitioner that counsel was ineffective, such that the jury's death sentence should be vacated. I previously concluded that given the District Attorney's reluctance to fully investigate this matter and explain this concession, the OAG's participation at an evidentiary hearing was necessary. I also found that the extent of the OAG's participation was a matter within my broad discretion and appropriate under the law. (Feb. 12, 2021 Mem. Opinion, ECF No. 187, at 9–14.)

3. On February 26, 2021, after the first day of evidentiary hearing testimony, the District Attorney objected to the OAG's participation, raising the same arguments as those already raised by Petitioner, which I have previously rejected. (See ECF Nos. 166, 170, 180, 187.) The District Attorney argues that "what began as a request for the views of an amicus has now morphed into the [OAG] becoming a full blown party to the litigation, in fact superseding the [District Attorney's] prosecution without legal authority to do so." (District Attorney's Obj. at 1.) The District Attorney explains that it did not previously object to my request for the OAG's participation because I had the authority to seek briefing from an *amicus* to assist with legal questions but that it did not previously anticipate the extent to which the OAG ultimately would participate.

3

4. For the same reasons set forth in my February 12, 2020 Memorandum Opinion, the District Attorney's objection is overruled. I reiterate that the District Attorney may present any evidence or argument that is admissible and appropriate.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**