ELD-019                                                                                   August 16, 2021

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **21-9000**

ROBERT WHARTON, Appellant

v.

SUPERINTENDENT GRATERFORD SCI

(E.D. Pa. Civ. No. 2:01-cv-06049)

Present:     AMBRO, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

        Submitted:

(1)    By the Clerk for possible dismissal due to a jurisdictional defect; and

(2)    Appellant's "Motion to Waive Counsel and Argument in Opposition to Dismissal for Lack of Appellate Jurisdiction"

in the above-captioned case.

        Respectfully,

        Clerk

_____ORDER_____

    Appellant appeals from the District Court's April 1, 2021 order denying his pro se motion for recusal in this otherwise-counseled capital habeas case that remains pending before the District Court. Appellant's motion to waive counsel and proceed pro se in this appeal is granted. However, as explained below, we must dismiss this appeal for lack of jurisdiction.

    Absent exceptions that do not apply here, our appellate jurisdiction is limited to reviewing "final decisions of the district courts." 28 U.S.C. § 1291. But the District Court's April 1, 2021 order is not a "final" order under general finality principles. <u>See</u>

Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996). And we are not persuaded by Appellant's argument that the April 1, 2021 order qualifies as a "final" order pursuant to the collateral-order doctrine. See In re Grand Jury, 705 F.3d 133, 144–45 (3d Cir. 2012) (stating that the collateral-order doctrine "includes only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, *and* [3] that are effectively unreviewable on appeal from the final judgment in the underlying action" (emphasis added) (quoting Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 45 (1995))). It is possible that (1) Appellant may file a counseled appeal from the District Court's entry of a final judgment in this case, and (2) counsel, in his or her winnowing of arguments in that appeal, may elect not to pursue a challenge to the April 1, 2021 order. However, that possibility does not render the April 1, 2021 order "effectively unreviewable" for purposes of the collateral-order doctrine. See United States v. Mitchell, 652 F.3d 387, 397 (3d Cir. 2011) (en banc) (explaining that, to determine whether an order meets the collateral-order doctrine's effectively-unreviewable prong, "[t]he relevant inquiry is whether the issue presented is in danger of becoming moot" (internal quotation marks omitted)); see also City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984) (indicating that a party can challenge a district court's denial of a recusal motion in an appeal from the district court's final judgment). Because the April 1, 2021 order does not qualify as a "final" order under § 1291, we hereby dismiss this appeal for lack of jurisdiction.

We may liberally construe Appellant's notice of appeal as a petition for a writ of mandamus to the extent that he sought recusal under 28 U.S.C. § 455. See In re Arunachalam, 812 F.3d 290, 292 (3d Cir. 2016) (per curiam); Nascone v. Spudnuts, Inc., 735 F.2d 763, 773 (3d Cir. 1984). However, Appellant is not entitled to mandamus relief because he has not demonstrated that his "right to issuance of the writ is clear and indisputable." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 381 (2004)). Appellant's recusal motion did not allege any extrajudicial source of bias, see United States v. Bergrin, 682 F.3d 261, 282 (3d Cir. 2012) ("To warrant reassignment under § 455(a), a case generally must involve apparent bias deriving from an extrajudicial source . . . ."), and the motion's attacks on some of the District Judge's opinions in this case fail to demonstrate that this is the rare case where a judge's rulings form the basis for his or her recusal, see United States v. Bertoli, 40 F.3d 1384, 1413 (3d Cir. 1994).

Lastly, to the extent that Appellant asks us to explicitly style our dismissal of this appeal as being without prejudice to his ability to move the District Court to certify its April 1, 2021 order under 28 U.S.C. § 1292(b), that request is denied as unnecessary.

By the Court,

s/ THOMAS L. AMBRO
Circuit Judge

Dated: August 17, 2021
cc: Elizabeth McHugh, Esq
     Claudia Vanwyk, Esq.
     Matthew Stiegler, Esq.
     Nancy Winkelman, Esq

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate