IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT WHARTON,** *Petitioner,* v. **DONALD T. VAUGHN,** *Respondent.* | Civil Action No. 01-cv-6049 |

## ORDER

**AND NOW**, this 8th day of February, 2022, upon consideration of Petitioner's pro se Motion for a Stay and Certification (ECF No. 282), I find as follows:

1. On October 26, 2020, Petitioner, who is represented by counsel in this capital habeas case, filed a pro se motion for recusal. (ECF No. 209.) Petitioner argued that I should recuse because my rulings on the substance of his habeas petition minimize evidence favorable to him and emphasize evidence unfavorable to him.

2. I denied Petitioner's motion to recuse. (ECF No. 255.)

3. Petitioner appealed to the Court of Appeals for the Third Circuit, which dismissed the appeal. The Third Circuit determined that there was no jurisdiction for a direct appeal because proceedings in this Court are not final. Alternatively, interpreting Petitioner's appeal as an application for a writ of mandamus, the Third Circuit determined that Petitioner's right to relief was not "clear and indisputable" because

> [Petitioner's] recusal motion did not allege any extrajudicial source of bias, see United States v. Bergrin, 682 F.3d 261, 282 (3d Cir. 2012) ("To warrant reassignment under § 455(a), a case generally must involve apparent bias deriving from an extrajudicial source . . . ."), and the motion's attacks on some of the District Judge's opinions in this case fail to demonstrate that this is the

1

rare case where a judge's rulings form the basis for his or her recusal, see <u>United States v. Bertoli</u>, 40 F.3d 1384, 1413 (3d Cir. 1994).

(ECF No. 274.)

4. Petitioner, again filing <u>pro se</u>, now asks me to certify my denial of his recusal motion for interlocutory appeal pursuant to 28 U.S.C § 1292(b).

5. 28 U.S.C. § 1292(b) allows for certification for interlocutory appeal if an order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

6. Neither requirement is satisfied here. First, there is no "substantial ground for difference of opinion" that Petitioner's recusal motion lacks merit. Petitioner sought recusal on the basis that my decisions were unfavorable to him, and "a party's displeasure with legal rulings does not form an adequate basis for recusal…." <u>Securacomm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000). As to Petitioner's argument that, under 28 U.S.C § 144, a different judge should have ruled on his recusal motion, that statute applies only where a party has filed a timely affidavit, which Petitioner did not do. In addition, while § 144 "withdraws from the presiding judge a decision upon the truth of the matters alleged," it remains "the duty of the judge against whom … [the] affidavit is filed to pass upon the legal sufficiency" of those facts. <u>United States v. Townsend</u>, 478 F.2d 1072, 1073 (3d Cir. 1973). Assuming all the facts in Petitioner's motion to be true, they are not a basis for recusal because they do not identify an "extrajudicial source of bias." (ECF No. 274.)

7. Second, an appeal would not "materially advance the ultimate termination of the litigation." An evidentiary hearing and briefing on the final issue in Petitioner's habeas petition

are complete; all that remains is for me to issue a decision. Petitioner will have an opportunity to appeal my decision denying recusal when proceedings in this Court terminate.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's Motion for a Stay and Certification (ECF No. 282) is **DENIED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**