# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WHARTON,<br><br>   Petitioner,<br><br>v.<br><br>DONALD T. VAUGHN,<br><br>   Respondent. | CIVIL ACTION<br><br>No. 2:01-cv-06049-MSG<br><br>CAPITAL CASE |

## [PROPOSED] ORDER #2

Upon consideration of the Motion and Memorandum of Law in Support of the Expedited Motion to the Chief Judge of the Eastern District of Pennsylvania to Transfer the Investigation of Possible Professional Conduct Violations or, in the Alternative, to Certify Pursuant to 28 U.S.C. § 1292(b) ("Motion"), it is hereby **ORDERED** that the proceedings before U.S. District Judge (Goldberg, U.S.D.J.) that relate to the subject matter of the Motion are **STAYED** pending the Chief Judge's consideration of the Motion and any consideration by the United States Court of Appeals for the Third Circuit.

               **BY THE COURT:**

Dated: June \_\_\_\_, 2022        Juan Sánchez, Chief United States District Judge, Eastern District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WHARTON, <br><br> Petitioner, <br><br> v. <br><br> DONALD T. VAUGHN, <br><br> Respondent. | CIVIL ACTION <br><br> No. 2:01-cv-06049-MSG <br><br> CAPITAL CASE |

## [PROPOSED] ORDER #1

Upon consideration of the Motion and Memorandum of Law in Support of the Expedited Motion to the Chief Judge of the Eastern District of Pennsylvania to Transfer the Investigation of Possible Professional Conduct Violations or, in the Alternative, to Certify Pursuant to 28 U.S.C. § 1292(b), it is hereby **ORDERED** that:

1. Local Civil Rule 83.6(V) requires transfer of this attorney discipline matter to me, as Chief Judge of the Eastern District.

2. I hereby assume all jurisdiction over this attorney discipline matter.

3. The Court directs the presiding District Judge (Goldberg, U.S.D.J.) to refrain from any further investigation or proceedings relating to that matter, including the hearing scheduled for June 23.

4. In the alternative, this Court (a) certifies the issue of whether this matter should be transferred from the District Judge to the Chief Judge pursuant to Local Civil Rule 83.6(V) pursuant to 28 U.S.C. § 1292(b); and (b) stays all other proceedings relating to this matter.

**BY THE COURT:**

Dated: June \_\_\_, 2022

Juan Sánchez, Chief United States District Judge,
Eastern District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WHARTON, <br><br> Petitioner, <br><br> v. <br><br> DONALD T. VAUGHN, <br><br> Respondent. | CIVIL ACTION <br><br> No. 2:01-cv-06049-MSG <br><br> CAPITAL CASE |

**EXPEDITED MOTION TO THE CHIEF JUDGE OF THE EASTERN DISTRICT OF PENNSYLVANIA TO TRANSFER THE INVESTIGATION OF POSSIBLE PROFESSIONAL CONDUCT VIOLATIONS PURSUANT TO LOCAL CIVIL RULE 83.6(V)(A), OR, IN THE ALTERNATIVE, TO CERTIFY PURSUANT TO 28 U.S.C. § 1292(b)**

Respondents the Office of District Attorney ("DAO"), and Paul George, Assistant Supervisor, Law Division, Nancy Winkelman, Supervisor, Law Division, and Max Kaufman, former Supervisor of the Federal Litigation Unit (collectively, "Respondents") file this Expedited Motion to the Chief Judge of the Eastern District of Pennsylvania to Transfer the Investigation of Possible Professional Conduct Violations Pursuant to Local Civil Rule 83.6(V)(A) or, in the Alternative, to Certify Pursuant to 28 U.S.C. § 1292(b), and state as follows:

1. On May 11, 2022, the District Judge presiding over this habeas corpus proceeding (Goldberg, U.S.D.J., the "District Judge") entered a Memorandum Opinion "preliminar[ily] conclu[ding] that there has been a breach of [Respondents'] duty of candor." (ECF 284 "Opinion," at 40).

2. For the reasons stated in the accompanying Memorandum of Law, which are incorporated herein, the District Judge is required to transfer all review and consideration of the professional conduct allegations set forth in the Opinion to the Chief Judge of this District pursuant to Local Civil Rule 83.6.

3. On June 21, 2022, the District Judge's law clerk advised Respondents' counsel that the District Judge intended to proceed with an Order to Show cause Hearing on June 23, 2022. The law clerk further advised that an Order would be entered later on the evening of June 21 or more likely on the morning of June 22.

4. Respondents thus request expedited consideration of this Motion.

5. Respondents request that the Chief Judge assume all jurisdiction over the professional conduct allegations by the District Judge pursuant to Local Civil Rule 83.6(V).

6. Respondents further request that the Chief Judge stay all proceedings before the District Court pending review of the Motion.

7. In the alternative, Respondents request that the Chief Judge (a) certify the issue of whether this matter should be transferred from the District Judge to the Chief Judge pursuant to Local Civil Rule 83.6(V) be certified for appeal pursuant to 28 U.S.C. § 1292(b) and stay all proceedings before the District Court.

8. There is no prejudice to anyone as a result of the relief requested in this Motion.

WHEREFORE, for the foregoing reasons, Respondents request that this Motion be granted and an Order be entered in the form attached hereto.

Dated: June 21, 2022

| | |
|---|---|
| KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN | HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER |
| By: */s/ David Rudovsky*<br>    David Rudovsky (No. 15168)<br>    drudovsky@krlawphila.com | By: */s/ John S. Summers*<br>    John S. Summers (No. 41854)<br>    jsummers@hangley.com<br>    Andrew M. Erdlen (No. 320260)<br>    aerdlen@hangley.com |
| 718 Arch Street, Suite 501 South<br>Philadelphia, PA 19106<br>(215) 925-4400 | One Logan Square, 27th Floor<br>Philadelphia, Pennsylvania 19103<br>(215) 568-6200<br>*Counsel for the District Attorney's Office* |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WHARTON,<br><br>        Petitioner,<br><br>  v.<br><br>DONALD T. VAUGHN,<br><br>        Respondent. | CIVIL ACTION<br><br>No. 2:01-cv-06049-MSG<br><br>CAPITAL CASE |

**MEMORANDUM OF LAW IN SUPPORT OF THE EXPEDITED MOTION TO THE CHIEF JUDGE OF THE EASTERN DISTRICT OF PENNSYLVANIA TO TRANSFER THE INVESTIGATION OF POSSIBLE PROFESSIONAL CONDUCT VIOLATIONS PURSUANT TO LOCAL CIVIL RULE 83.6**

The Office of District Attorney ("DAO"), and Paul George, Assistant Supervisor, Law Division, Nancy Winkelman, Supervisor, Law Division, and Max Kaufman, former Supervisor of the Federal Litigation Unit (collectively, "Respondents") respectfully submit this Memorandum of Law in Support of their Expedited Motion to the Chief Judge.

This Motion is required to transfer consideration of United States District Judge Mitchell S. Goldberg's allegations of professional misconduct against Respondents from Judge Goldberg to the Chief Judge, pursuant to Local Civil Rule 83.6(V). As explained below, the Local Rule makes this referral to the Chief Judge mandatory.

This Motion is *expedited* because Judge Goldberg has scheduled an Order to Show Cause Hearing for June 23, 2022 at 9:00 a.m. on his allegations. Earlier today, during an on-the-record conference before Judge Goldberg, Respondents requested a stay or adjournment of the Hearing pending the Chief Judge's consideration of the Motion to transfer; late this afternoon, Judge Goldberg's law clerk advised Respondents' counsel that he denied that request and intends to proceed with the June 23 Hearing.

Respondents therefore file this Expedited Motion to transfer this professional conduct matter to the Chief Judge. Because of the exigencies of this matter, Respondents further request that the Chief Judge issue a stay pending his review of this Expedited Motion. In the alternative, Respondents request that the Chief Judge certify the issue of whether this matter should be transferred from the District Judge to the Chief Judge pursuant to Local Civil Rule 83.6(V) be certified for appeal pursuant to 28 U.S.C. § 1292(b).

I.  **BACKGROUND**

Respondents have appeared on behalf of the DAO in a habeas corpus matter initiated by petitioner Robert Wharton. The DAO conceded relief with respect to petitioner's remaining claims of ineffective assistance of counsel pursuant to *Strickland v. Washington*.

On May 11, 2022, Judge Goldberg entered a Memorandum Opinion that in addition to dismissing petitioner's remaining claim of ineffective assistance of counsel, made a "preliminary conclusion that there has been a breach of [Respondents'] duty of candor" to the Court. (ECF 284 "Opinion," at 40; *see generally id.* at 30-40, Exhibit 1 to Exhibit A hereto). Two days later, the District Judge entered an Order to show cause and scheduled a hearing on the professional conduct issues raised by its "preliminary conclusion[s]." (ECF 286, Exhibit 2 to Exhibit A hereto; ECF 296, Exhibit 4 to Exhibit A hereto.)

In response to that Order to show cause and to respond to the District Judge's "preliminary conclusion," on June 17, 2022, Respondents filed their Motion to Cancel/Transfer, which is attached in full hereto as Exhibit A (ECF 300), and which was supported by, *inter alia*, the Expert Report of Prof. Bruce A. Green. (*See* ECF 300, Ex. A, attaching Green Expert Report as Ex. 10 to Ex A.)

Respondents' Motion sought dismissal of the District Judge's allegations of sanctionable conduct and vacatur of his related Orders. (ECF 300.) In the alternative, Respondents requested that the District Judge transfer the matter to the Chief Judge of the Eastern District, as he is required to do pursuant to Local Civil Rule 83.6(V).

Earlier today (June 21), the District Judge held a previously scheduled on the record pre-hearing conference call. Respondents requested that the District Judge grant Respondents' Motion (ECF 300) and, in the alternative, stay or adjourn the June 23 Hearing to allow Respondents to seek review by the Chief Judge. (A copy of the transcript is attached hereto as Ex. B.) Later that day, the District Judge's law clerk advised Respondents' counsel that the District Judge denied their request to adjourn or stay the June 23 Hearing and would enter an Order reflecting that decision later in the evening or on the morning of June 22.

Respectfully, it is error for the District Judge to refuse to transfer this matter and to not stay or adjourn the June 23 Hearing pending Chief Judge review. Respondents respectfully request that the Chief Judge assume all authority and jurisdiction over the professional conduct issues raised by the District Judge. Because of the exigencies involved, Respondents further request that the Chief Judge stay all proceedings before the District Court pending the Chief Judge's ruling on this Expedited Motion. In the alternative, the issue of whether this matter should be transferred from the District Judge to the Chief Judge pursuant to Local Civil Rule 83.6(V) be certified for appeal pursuant to 28 U.S.C. § 1292(b).

## II.	LOCAL CIVIL RULE 83.6(V)(A) REQUIRES TRANSFER OF THIS MATTER TO THE CHIEF JUDGE OF THE EASTERN DISTRICT

Pursuant to Local Civil Rule 83.6(V), the District Judge was required to transfer to the Chief Judge of the Eastern District the professional conduct issues raised in its May 11, 2022 Memorandum Opinion (Ex. 1 to Ex. A, ECF 284, the "Opinion") and its May 13 (Ex. 2 to Ex. A, ECF 286) and May 26 (Ex. 3 to Ex. A), 2022 Orders. Transfer is required because the District Judge issued allegations of Respondents' potential breach of their duty of candor.

Rule V(A) states:

> When the misconduct or other basis for action against an attorney (other than as set forth in Rule II) or allegations of the same which, if substantiated, would warrant discipline or other action against an attorney admitted to practice before this court shall come to the attention of a Judge of this court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, **the judge shall refer the matter to the Chief Judge** who shall issue an order to show cause.

L. Civ. R. 83.6, at V(A) (emphasis added).

The Rule's use of the term "shall" mandates the District Court's referral to the Chief Judge. Rule 83.6 empowers the Chief Judge to determine the procedure for addressing allegations of professional misconduct and ensuring that attorneys' Due Process rights are enforced.

Additionally, the Rule requires that a District Judge not proceed with an Order to Show Cause concerning its allegations; rather, that is for the Chief Judge to direct. Thus, if a District Judge refuses to transfer a matter, the Chief Judge has the authority

to divest the District Judge of jurisdiction over the matters that are the subject of the allegations.[1]

Specifically, Rule 83.6 expressly requires that "allegations of [attorney misconduct] which, **if substantiated**, would warrant discipline or other action against an attorney" be referred to the Chief Judge. (emphasis added). The District Judge's "preliminary conclusions" of the DAO's alleged breach of the duty of candor qualify as such allegations, mandating referral to the Court. Indeed, under the Rule, the District Court should have referred this matter to the Chief Judge *before* it leveled serious accusations against Respondents, even if couched as "preliminary." The Rule is intended to protect attorneys from such accusations and hearings like the one the District Court has scheduled. Any hearing, if there is one, should be presided over by a three-judge panel and with the necessary confidentiality protections. In short, Rule 83.6 does not allow the District Judge to conduct its scheduled Order to Show Cause Hearing.

Unlike the procedure contemplated by the District Judge – a fact-finding hearing over which he presides and asks questions of the accused Respondents concerning his allegations of breaches of their duty of candor – Rule 83.6 establishes safeguards for

---

[1] "The law has long recognized that the 'authorization of an act also authorizes a necessary predicate act.'" *Luis v. United States*, 578 U.S. 5, 26 (2016) (Thomas, J., concurring) ("[W]ith respect to Government powers, 'where a general power is conferred or duty enjoined, every particular power necessary for the exercise of the one, or the performance of the other, is also conferred.') (quoting A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 192 (2012) (discussing the "predicate-act canon"); quoting Thomas Cooley, Constitutional Limitations 63 (1868); citing 1 J. Kent, Commentaries on American Law 464 (13th ed. 1884) ("[W]henever a power is given by a statute, everything necessary to the making of it effectual or requisite to attain the end is implied")). *See also Estate of Casey v. Comm'r of Internal Revenue*, 948 F.2d 895, 901 (4th Cir. 1991) (a grant of authority "confer[s] those incidental, interstitial powers necessary to accomplish objects as to which authority has been expressly conferred") (applying Virginia law).

accused attorneys. It provides that if there is a hearing on an order to show cause, three judges preside over the hearing and the proceedings are confidential. *See* Rule 83.6(V)(E).

Crucially, the June 23 Hearing does not provide for these safeguards. Rather, that hearing will deny Respondents the mandatory protections afforded by Rule 83.6(V). *See Adams v. Ford Motor Co.*, 653 F.3d 299, 305-08 (3d Cir. 2011) (interpreting analogous D.V.I. Rule and vacating finding of ethical violation on that and other grounds).[2]

Finally, Respondents vigorously maintain that they did not breach any ethical duty or Rule of Professional Conduct. The Opinion's "preliminary conclusions" that they breached their duty of candor are unfounded for all of the reasons set forth in their Motion to Cancel/Transfer (ECF 300)." Additionally, the District Judge has erred by not granting Respondents' Motion to Cancel/Transfer, refusing to transfer this matter to the Chief Judge pursuant to Rule 83.6(V), and by not staying or adjourning the Hearing scheduled for June 23.[3]

---

[2] Judges in this District have referred matters to the Chief Judge of this Court pursuant to this Local Rule. *See, e.g., Woosley v. U.S. District Court, Dist. of Conn.*, 2016 WL 4247561, at *12 (E.D. Pa. Aug. 10, 2016) (referring attorney's "repeated abuse of the legal system" to Chief Judge under this Local Rule); *cf. Rhedrick v. Option One Morg. Corp.*, 2015 WL 3871593, at *4-5 (E.D. Pa. June 22, 2015) (finding that attorney had not been *de facto* sanctioned, in part because there were no factual findings of misconduct per Local Rule 83.6(V)). In *Adams*, 653 F.3d at 305-308, in vacating a magistrate judge's imposition of sanctions in the District Court, the Third Circuit ruled that "the magistrate judge should have referred the allegations of misconduct to the Chief Judge" consistent with the local rule. *Adams*, 653 F.3d at 308.

[3] Due to the urgency of the impending June 23 hearing and the serious allegations lodged against Respondents, they file this Expedited Motion prior to the docketing of the Court's order formally denying their request to adjourn the hearing.

### III. IN THE ALTERNATIVE, THIS MATTER SHOULD BE CERTIFIED FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

If the Chief Judge does not assume jurisdiction and authority over this professional conduct matter, the issue of whether this matter should be transferred from the District Judge to the Chief Judge pursuant to Local Civil Rule 83.6(V) should be certified for appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Respectfully, in the event the Chief Judge does not assume jurisdiction over this matter, Respondents request that the Chief Judge certify the issue of whether this matter should be transferred from the District Judge to the Chief Judge pursuant to Local Civil Rule 83.6(V) pursuant to 28 U.S.C. § 1292(b). That issue is a "controlling question of law to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*[4]

---

[4] Because a Hearing on June 23 will involve the District Court's examination of Respondents, Respondents also request that the Chief Judge stay the proceedings before the District Court pending consideration of this Expedited Motion.

## IV. CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court enter an Order in the form attached hereto, by which the Chief Judge of the Eastern District assumes all authority and jurisdiction over this professional conduct matter and that the District Judge refrain from any further investigation or proceedings on that matter. Respondents further respectfully request that the Chief Judge enter an order staying the proceedings before the District Judge during the consideration of this Motion.[1]

Dated: June 21, 2022

Respectfully submitted,

| | |
|---|---|
| KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN | HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER |
| By: */s/ David Rudovsky*<br>David Rudovsky (No. 15168)<br>drudovsky@krlawphila.com | By: */s/ John S. Summers*<br>John S. Summers (No. 41854)<br>jsummers@hangley.com<br>Andrew M. Erdlen (No. 320260)<br>aerdlen@hangley.com |
| 718 Arch Street, Suite 501 South<br>Philadelphia, PA 19106<br>(215) 925-4400 | One Logan Square, 27th Floor<br>Philadelphia, Pennsylvania 19103<br>(215) 568-6200 |
| | *Counsel for the District Attorney's Office* |

---

[1] Respondents also intend to promptly file a motion before the District Judge to adjourn the hearing pending the Chief Judge's disposition of this Expedited Motion.

- 8 -

# CERTIFICATE OF SERVICE

I, John S. Summers, hereby certify that on June 21, 2022, I caused the foregoing Expedited Motion to the Chief Judge of the Eastern District of Pennsylvania to Transfer the Investigation of Possible Professional Conduct Violations or, in the Alternative, to Certify Pursuant to 28 U.S.C. § 1292(b), to be served on the following counsel of record via ECF:

James P. Barker
Cari Mahler
Pennsylvania Office of Attorney General
16th Floor-Strawberry Square
Harrisburg, PA 17120

Elizabeth McHugh
Claudia Van Wyk
Federal Community Defender Office
Capital Habeas Corpus Unit District Attorney's Office
601 Walnut Street, Suite 545 West 3
South Penn Square
Philadelphia, PA 19106

*/s/ John S. Summers*
John S. Summers

*Counsel for the District Attorney's Office*