# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT WHARTON,** *Petitioner*, v. **DONALD T. VAUGHN,** *Respondent*. | Civil Action No. 01-cv-6049 |

## ORDER

**AND NOW**, this 21st day of June, 2022, upon consideration of the Philadelphia District Attorney's Office's "Motion to Cancel Hearing and Dismiss Allegations of Sanctionable Conduct" (ECF No. 300), I find as follows:

1. On May 11, 2022, I issued an opinion noting a possible breach of candor on the part of the Philadelphia District Attorney's Office. I subsequently ordered the lawyers involved to appear for a hearing so that they may be afforded an opportunity to explain the Office's conduct. That hearing is scheduled for June 23, 2022.

2. The District Attorney's Office now moves to cancel the hearing, advancing two grounds for its motion: (1) no breach of the duty of candor occurred, and (2) alternatively, disciplinary matters must be referred to the Chief Judge under Local Rule of Civil Procedure 83.6(V).

3. I will hold the Office's argument that no breach of the duty of candor occurred under advisement pending the June 23, 2022 hearing. For the reasons set out in my May 11, 2022 opinion, I find that the Office should explain its litigation conduct in this case.

4. As to the District Attorney's Office's alternative ground, Local Rule 83.6(V) provides, in relevant part, that "[w]hen the misconduct or other basis for action against an attorney … or allegations of the same which, if substantiated, would warrant discipline … shall come to the attention of a Judge of this court, … the judge shall refer the matter to the Chief Judge … ." Where a local rule sets out a procedure for disciplinary matters, district courts are obliged to follow it. Adams v. Ford Motor Co., 653 F.3d 299 (3d Cir. 2011). I therefore agree with the District Attorney's Office that any disciplinary matters that arise from this case should, at the appropriate time, be referred to the Chief Judge. However, referral at this time would be premature. My May 11, 2022 opinion raised concerns that the District Attorney's Office may have litigated this case in a way that threatened to undermine the limited role federal habeas corpus jurisdiction is intended to play in the state criminal justice system. That concern should be addressed independent and irrespective of any disciplinary matters that may stem from it, and this Court has "inherent authority" to do so. See Marino v. Usher, No. 11-cv-6811, 2014 WL 2116114, at *7 (E.D. Pa. May 21, 2014).[1]

5. Adams does not mandate a contrary procedure. Adams holds that a district court must comply with applicable local rules before imposing sanctions on an attorney for ethical violations. 653 F.3d at 308. Because the hearing scheduled for June 23, 2022 does not conflict with Local Rule 83.6(V), and because no sanctions have been imposed, Adams does not require that this matter be referred to the Chief Judge at this time.

---

[1] I note that the procedure the District Attorney's Office advocates, wherein which a judge must refer a matter to the Chief Judge immediately upon suspicion that an ethical rule may have been violated, has not been followed by other judges in this District. See, e.g., Marino, 2014 WL 2116114, at *14; Taggart v. Deutsche Bank National Trust Co., No. 20-cv-5503, 2021 WL 2255875, at *18-19 (E.D. Pa. June 3, 2021).

**WHEREFORE**, it is hereby **ORDERED** that the District Attorney's Office's motion to cancel the July 23 hearing (ECF No. 300) is **DENIED**.

**BY THE COURT:**

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**