IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT WHARTON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 01-6049-MSG |
| | : | |
| DONALD T. VAUGHN | : | **THIS IS A CAPITAL CASE** |

## ORDER

AND NOW, this 22nd day of June, 2022, upon consideration of Respondents' Expedited

Motion to the Chief Judge of the Eastern District of Pennsylvania to Transfer the Investigation of

Possible Professional Conduct Violations Pursuant to Local Civil Rule 83.6(V)(A), or, in the

Alternative, to Certify Pursuant to 28 U.S.C. § 1292(b), it is ORDERED the Motion (Document

302) is DENIED.[1]

---

[1] On May 13, 2022, the Honorable Mitchell S. Goldberg scheduled a hearing regarding a possible breach of the duty of candor to the Court on the part of the Philadelphia District Attorney's Office in this case, as outlined in his Memorandum of May 11, 2022. After unsuccessfully moving before Judge Goldberg to cancel the hearing or, alternatively, to transfer the matter to the undersigned, in my capacity as Chief Judge, pursuant to Local Civil Rule 83.6, Respondents now seek a transfer of the allegations of possible professional misconduct from the undersigned. Because I am not persuaded the Rule authorizes me to grant the relief requested, and because I agree with Judge Goldberg that transfer is not required at this juncture under the Rule, the motion is denied.

> Local Civil Rule 83.6(V) provides, in relevant part, as follows:
> When the misconduct or other basis for action against an attorney . . . or allegations of the same which, if substantiated, would warrant discipline or other action against an attorney admitted to practice before this court shall come to the attention of a Judge of this court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to the Chief Judge who shall issue an order to show cause.

Local R. Civ. P. 83.6(V)(A).

The role of the Chief Judge in initiating disciplinary proceedings under the Rule is limited. The Rule authorizes the Chief Judge to act upon receipt of a referral from another district judge. It does not authorize the Chief Judge to act in the absence of such a referral, and nothing in the Rule suggests the Chief Judge may divest a presiding judge of his or her inherent authority to address litigation conduct by attorneys in a matter before that judge. Because there has been no referral pursuant to the Rule in this case, I lack jurisdiction to grant the motion.

Even if I had the authority to transfer this matter, I agree with Judge Goldberg that while any disciplinary matters arising from this case should be referred to the Chief Judge at the

BY THE COURT:


      /s/ Juan R. Sánchez
      Juan R. Sánchez, C.J.

---

appropriate time, transfer is not required at this juncture for the reasons outlined in his order denying Respondents' motion to cancel the hearing. *See* Order ¶¶ 4-5, ECF No. 304.

      Respondents alternatively argue that if I do not assume jurisdiction and authority over this matter, the matter should be certified for appeal pursuant to 28 U.S.C. § 1292(b). Such certification is appropriate when (1) the order at issue "involves a controlling question of law"; (2) the controlling question of law is one "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b). Respondents have not met the first two requirements. Moreover, Respondents have not shown how an immediate appeal would materially advance the termination of the litigation. Rather, it would merely transfer the matter to another tribunal. Accordingly, the request for certification is also denied.